UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LARRY LAUDERDALE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FEDEX GROUND PACKAGE )<br>SYSTEM, INC., *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:19-CV-426-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006).

Defendants removed this action to federal court. The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Defendants, in this case "the part[ies] seeking to invoke federal diversity jurisdiction . . . bear[] the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). Anything less can result in remand of a removed case to state court for want of jurisdiction. *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). For cases in federal court due to removal on the basis of diversity jurisdiction, "diversity must exist both at the time of the original filing in state court and at the time of removal." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Gaurdsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)).

Regarding diversity of citizenship, Defendants allege that Johnson "is a resident and citizen of Illinois," Notice of Removal ¶ 6 [DE 1], and that "Plaintiff is a resident and citizen of Indiana." I*d*. at ¶ 5 [DE 1]. Defendants must advise the Court of the domicile of Defendant Kyle C. Johnson and of Plaintiff at the time of the state court filing of the Complaint, not just as of the date of removal to federal court.

In addition, Defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. The Notice of Removal states only: "Plaintiff's claimed damages exceed $75,000." ¶53 [DE 1], and the Complaint does not include a specific amount of damages. When a plaintiff has provided little information about the value of the claims and a defendant bears the burden of establishing the Court's jurisdiction, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Defendants must meet this standard for the Court to confirm its subject matter jurisdiction.

Accordingly, the Court **ORDERS** Defendant to **FILE**, on or before **December 6, 2019**, a supplemental jurisdictional statement regarding the amount in controversy and the domicile of Plaintiff and Defendant Johnson at the time the Complaint was filed as outlined above.

SO ORDERED this 20th day of November, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record